# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DONNA L. STERRETT, | ) |
|                Plaintiff, | ) |
| v. | ) Case No. 4:16-00840-CV-RK |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SSA[1]; | ) |
|                Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying her application for disability benefits. For the reasons below, the Commissioner's decision is **AFFIRMED**.

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this action remains as originally filed.

(citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: mental impairments variously diagnosed as depression, anxiety, bipolar, and panic disorder without agoraphobia. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some nonexertional limitations.[2] The ALJ found Plaintiff incapable of performing past relevant work but found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. In doing so, the ALJ relied on testimony from the vocational expert that Plaintiff would be able to perform the requirements of a mailroom clerk, sandwich maker, and office helper. Therefore, the ALJ determined Plaintiff was not disabled.

On appeal, Plaintiff alleges errors related to: (1) whether the ALJ's RFC determination is supported by substantial evidence of the record as a whole, claiming errors related to weighing medical opinions, GAF scores, third-party opinions, and a disability determination made by the VA; and (2) whether the ALJ erred in relying on testimony of the vocational expert without explaining discrepancies between the testimony and the Dictionary of Occupational Titles ("DOT").

Upon review of the parties' briefs and the record, the Court finds the ALJ was entitled to discount the evidence and opinions of record that are inconsistent with the record as a whole. Additionally, substantial evidence (Dr. Stacy's medical opinions;[3] Dr. Smith's treatment notes;

---

[2] The ALJ found the Plaintiff could perform simple, routine, and repetitive tasks, in a work environment involving only simple, work related decisions, and with few, if any work place changes; and further found that Plaintiff requires a job where there is only occasional interaction with coworkers with no tandem tasks, where the Plaintiff works independently from coworkers; occasional interaction with supervisors; occasional interaction with the public and where interaction with the public is not a primary component of the job.

[3] The Court notes that despite the ALJ's decision stating "great weight" was appropriate for Dr. Stacy's opinions, the RFC provides for more limitations than his opinion suggests.

treatment notes finding memory seems intact; treatment notes finding thought content clear and goal directed; treatment notes observing adequate hygiene and appearance; Plaintiff's activities including driving, attending church, emailing, chores, and caring for children and pets; Plaintiff's dating; and the apparent organization and presentation of Plaintiff's case to the ALJ) supports the ALJ's RFC determination. Because the ALJ properly weighed and considered the evidence of record and the ALJ's RFC determination is supported by substantial evidence, the Court cannot reverse even though there is some evidence (medical opinions of Drs. Smith and Sumerall; third-party opinions; GAF scores; and a disability determination by the VA) that may support the opposite conclusion. Additionally, the Court finds that the vocational expert's testimony, at least with respect to the mail clerk position, is not inconsistent with the RFC. *See Martin v. Berryhill*, 2017 U.S. Dist. LEXIS 137718, at *12 (W.D. Mo. Aug. 28, 2017) (finding a mail clerk position as listed in the DOT was not inconsistent with an RFC that limited plaintiff to simple work) (citing *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014)).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 29, 2017